In re TERRILL.

(District Court, D. Vermont.    February 23, 1900.)

BANKRUPTCY—PREFERENCES.

A mortgage or assignment of property by an insolvent debtor to one of his creditors, intended to prefer that creditor over others, but executed before the enactment of the bankruptcy law, is not void under that statute or at common law; and, if such a transfer is not contrary to the statutes of the state, or is not annulled by proceedings taken under a state law within the time limited thereby, the property cannot be recovered from the creditor by the trustee in bankruptcy of the mortgagor or grantor.

In Bankruptcy.

George E. Terrill was adjudged bankrupt on the 28th of October, 1898, and in due time thereafter made his application for discharge, and was examined by the creditors.    At an adjourned meeting, the bankrupt having meanwhile died, certain creditors filed specifications in opposition; but these were afterwards withdrawn, leaving the petition for discharge unopposed.    The facts shown by the evidence raised the question whether the trustee in bankruptcy would be justified in bringing suit for the recovery of certain property of the bankrupt, and, at the request of the trustee, the referee certified his findings to the judge for his opinion.    It appeared that the bankrupt, who was a merchant in embarrassed circumstances, on January 27, 1898, being heavily indebted to his father, executed to the latter a chattel mortgage covering the stock of goods, furniture, and fixtures in his store.    On January 24, 1898, he assigned to the same creditor, by written assignment, other personal property, and his store accounts and bills receivable; and on June 24, 1898, assigned to him his interest in the property and credits of a partnership of which the bankrupt was a member.    On the day last named the father took possession under his mortgage.    It was agreed by the parties that the stock should be applied on the debt at a certain valuation, and that, if more could be realized from the sale thereof, the bankrupt should have the benefit of it.    The mortgagee accordingly remained in possession, selling the stock, giving the bankrupt credit, and reimbursing himself.    The referee found as facts that the bankrupt was insolvent at the time of giving the mortgage and assignments, and intended thereby to prefer the creditor to whom they were given, and that

the latter was cognizant of the circumstances, and intended to secure a preference over other creditors.

W. L. Burnap and J. J. Monahan, for bankrupt.
V. A. Bullard, for creditors.

WHEELER, District Judge. The mortgage and assignment would not be held null and void as against the creditors by the laws of the state, within the meaning of section 67e of the bankrupt act. They were mere preferences, which would become void by insolvency proceedings if begun within a required time, and might not be, and in fact were not, begun at all. If they had been made in fraud of the rights of creditors generally, instead of preferring one over the rest, they would have been void at common law, as well as by the statutes of the state; the title would not have passed as against creditors; and that provision of the bankrupt act would draw that remaining title into the bankruptcy proceedings. But there was no such title to be drawn. They were not void by other provisions of the bankrupt act, for they took place before it passed. There is nothing in the proceedings upon them to affect the right of the bankrupt to a discharge. Report accepted, and discharge granted.